Stephanie Oblander
Smith Oblander Meade & Mitcham, P.C.
104 2nd Street South, Suite 400
PO Box 2685
Great Falls, MT  59403-2685
Telephone: (406) 453-8144
steph@bigskylaw.com
*Attorneys for Plaintiff Allstate Vehicle And Property Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATTEW FRANK,<br><br>Defendant. | Cause No:<br>CV-22-70-BLG-SPW-KLD<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, the Plaintiff, Allstate Vehicle And Property Insurance Company ("Allstate"), by and through its counsel of record, and for its Complaint For Declaratory Relief, states and alleges as follows:

*GENERAL ALLEGATIONS- JURISDICTION AND VENUE*

1. Allstate is a corporation organized and existing under the laws of the state of Illinois. Its principal place of business is Northbrook, Illinois. As such, Allstate is a citizen of Illinois.

2. Defendant Matthew Frank ("Frank") is all times pertinent hereto a resident of Billings, Yellowstone County, Montana, and a citizen of Montana. Frank is policyholder under a homeowner's policy and an umbrella policy issued by Allstate.

3. On April 26, 2022, Louis Delgado ("Delgado") filed a lawsuit in the Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-2022-0000391 (hereafter the "Underlying Lawsuit"), against Frank and other defendants. A copy of Delgado's Complaint is attached as Exhibit 1.

4. The Underlying Lawsuit concerns events that allegedly occurred on January 15, 2022, in downtown Billings, Montana. In the Underlying Lawsuit Delgado alleges he was intentionally assaulted by Frank, that Frank criminally trespassed into Delgado's vehicle, and that Frank performed a flying knee into Delgado's vehicle.

5. The claims asserted by Delgado against Frank in the Underlying Lawsuit are: *Count I, Negligence*, wherein Delgado alleges that Frank instigated the altercation by "intentionally doing a flying knee" into the driver's side of Delgado's vehicle. Further, Delgado alleges Frank breached a duty of care as Frank "intentionally physically assaulted" Delgado and used excessive force against him; *Count II, Negligence Per Se*, wherein Delgado alleges Frank violated MCA § 45-7-401 (official misconduct by a public servant) by intentionally and "brutally" assaulting Delgado in violation of MCA § 45-7-401, causing him damages; by illegally trespassing into Delgado's vehicle; purposefully and unlawfully restraining Delgado

after entering his vehicle, punching Delgado, grabbing Delgado, attempting to arrest Delgado, and interfering with his liberty, in violation of MCA § 45-5-301. Delgado alleges that these foregoing acts and/or omissions by Frank constitute actual malice, as defined by MCA § 27-1-221.

6. In the Underlying Lawsuit Delgado alleges that Frank acted individually and in his official capacity as a police officer with the City of Billings Police Department. Exhibit 1, pp. 6-13.

7. In the Underlying Lawsuit Delgado alleges entitlement to damages, including compensatory damages, punitive damages, attorney fees, and prejudgment interest and post-judgment interest. Exhibit 1, pp. 13-14.

8. Allstate issued a homeowner's policy # 807994258 (the "HO Policy") to Frank. Allstate also issued a personal umbrella policy # 807 120 809 (the "Umbrella Policy") to Frank. The HO Policy and the Umbrella Policy are collectively the "Allstate Policy." Within the Allstate Policy the location of the insured property is identified as 1620 Wyoming Avenue, Billings, Montana.

9. The Allstate Policy was in effect when the Underlying Lawsuit was filed. A copy of the HO Policy is attached as Exhibit 2. A copy of the Umbrella Policy is attached as Exhibit 3.

10. Within Section II, the HO Policy affords Family Liability Protection ("FLP") coverage, designated as Coverage X. The liability limits of FLP coverage are

$ 300,000.00 per occurrence. Exhibit 2, Policy decs.

11. On or about April 28, 2022, Frank notified Allstate of the Underlying Lawsuit against him.

12. The HO Policy's insuring provisions regarding Coverage X, FLP coverage, state:

> Losses We Cover Under Coverage X:
> Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

Exhibit 2, HO Policy, p. 23.

13. The Underlying Lawsuit does not assert or encompass a claim against Frank for bodily injury or property damage arising from an "occurrence" as the Allstate Policy defines "occurrence." The Allstate Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." Exhibit 2, HO Policy, pp. 4-5; Exhibit 3, Umbrella Policy, p. 3.

14. The Allstate Policy contains exclusions for bodily injury or property damage resulting from the intentional or criminal acts of an insured person ("Intentional or Criminal Acts Exclusion"). The HO Policy's Intentional or Criminal Acts Exclusion states:

> 1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
>    c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

Exhibit 2, p. 23.

15. The Umbrella Policy's Intentional or Criminal Acts Exclusion states:

> **Exclusions- Losses We Do Not Cover Under Excess Liability Insurance—Bodily Injury and Property Damage—Section 2**
>
> Excess Liability Insurance—Bodily Injury and Property Damage—Section 2 will not apply:
>
> 13. To **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This includes any **bodily injury** or **property damage** arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
>    c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

Exhibit 3, p. 8.

16. The Intentional or Criminal Acts Exclusions within the Allstate Policy exclude coverage for Delgado's claims against Frank in the Underlying Lawsuit.

Complaint for Declaratory Relief - Page 5

17.     The Allstate Policy contains exclusions for bodily injury or property damage arising out of business activities ("Business Activities Exclusion") of an insured person. The HO Policy Business Activities Exclusion states:

> 12.  **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person.**

Exhibit 2, HO Policy, p. 24.

18.     The Umbrella Policy's Business Activities Exclusions state:

> **Exclusions- Losses We Do Not Cover Under Excess Liability Insurance— Personal Injury**
> This coverage does not apply:
>
> 1. To **personal injury** arising out of any act or failure to act by any person in performing functions of that person's **business**.
>
> 2. To **personal injury** arising out of a **business** or **business property**.

Exhibit 3, Umbrella Policy, pp. 7-8.

19.     The Business Activities Exclusions in the Allstate Policy exclude coverage for some or all of Delgado's claims against Frank, insofar as Delgado alleges that Frank was acting in his official capacity as a police officer with the City of Billings Police Department. Exhibit 1.

20.     Delgado's claim that Frank acted with actual malice, warranting imposition of punitive damages is not covered by the Allstate Policy. The Allstate Policy does not afford coverage for punitive or exemplary damages. Exhibits 2; Exhibit 3, Umbrella Policy, p. 11; MCA § 33-15-317(1).

21.     The statutes[1] which Delgado alleges Frank violated provide for imposition of fines for violation of each such statute. Exhibit 1, pp. 9, 12, 13. The HO Policy excludes coverage for statutory liabilities imposed on an insured person if the liabilities are "arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, hovercraft, motorized land vehicle or trailer which is not covered under Section II" of the HO Policy. Exhibit 2, HO Policy, p. 24. Coverage is excluded for the Underlying Lawsuit claims against Frank insofar as the Underlying Lawsuit alleges that Frank's conduct used or attempted to occupy and trespass into the vehicle that Delgado was occupying, resulting in penalties or fines being assessed against Frank.

22.     Coverage for the Underlying Lawsuit is not afforded under the Umbrella Policy. The Underlying Lawsuit against Frank does not allege an "occurrence" as is required for a covered loss under the Umbrella Policy. Exhibit 3, Umbrella Policy, p. 3.

23.     Within the Umbrella Policy's Coverage XL provisions, the Umbrella provides that Allstate "will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a loss we cover under Excess Liability Insurance- Bodily Injury and Property

---

[1] MCA §§ 45-6-202; 45-5-301; and § 45-7-401.

Damage- Section 1 of this policy and a covered loss under your Required Underlying Insurance policy." Exhibit 3, Umbrella Policy, p. 6.

24. The HO Policy served as Frank's Required Underlying Insurance Policy as specified by the Umbrella Policy. Coverage XL is not afforded by the Umbrella Policy for the Underlying Lawsuit claims against Frank because coverage for the Underlying Lawsuit allegations is not otherwise afforded by the HO Policy.

25. Regarding the Umbrella Policy's Coverage XL, insuring provisions for this coverage do not apply to the Underlying Lawsuit against Frank, as the Umbrella Policy's Section 1 provisions for Coverage XL state in part:

> Losses We Cover Under Excess Liability
> Insurance- Bodily Injury and Property
> Damage- Section 1
> We will cover an occurrence arising only out of:
>   1. Personal activities of an insured person.
>
>   2. A volunteer civic service which an insured person performs without pay, for a not-for-profit corporation and which is not a function of that person's business.  Payment or reimbursement for reasonable expenses actually incurred by the insured person in connection with the volunteer civic service is not considered pay.
>
>   3. The duties of your domestic employees who are not subject to Workers Compensation Laws.

Exhibit 3, Umbrella Policy, p. 7; Umbrella Endorsement AS426-1.

26. Allstate notified Frank that the Allstate Policy does not afford coverage for Delgado's claims in the Underlying Lawsuit.

27. As an insured person and the policyholder on the Allstate Policy as well as

a named Defendant in the Underlying Lawsuit, Frank is an interested person who is or may likely be impacted by the outcome of a determination of coverage or lack thereof as to the Underlying Lawsuit.

28.     Allstate seeks a declaration that it has no duty under the Policy to defend or indemnify Frank in the Underlying Lawsuit, or to otherwise pay for or cover any expenses, losses or claims of any nature associated with the Underlying Lawsuit.

29.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, as this action is a controversy between citizens of different states and the amount in controversy exceeds $75,000.00. The HO Policy's FLM coverage limits are $ 300,000.00 per occurrence.  Exhibit 2, HO Policy declarations.

30.     Federal subject matter jurisdiction exists under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Allstate is entitled to a declaration of Allstate Policy rights and legal relations between Allstate and the policyholder, Frank, relative to defense of Delgado's Complaint and indemnity for any final judgment entered against Frank in the Underlying Lawsuit. Allstate is entitled to a declaration that it is excused from defending and indemnifying Frank regarding losses, damages, judgments, settlements and claims stemming from the events referenced in the Underlying Lawsuit.

31.     Venue in the District of Montana, Billings Division, is proper pursuant to 28 U.S.C. § 1391 and L.R. 1.2. The Underlying Lawsuit is pending in the

Thirteenth Judicial District Court, Yellowstone County, and the events pertinent to the Underlying Lawsuit occurred in Billings, Yellowstone County, Montana. Exhibit 1. Further, the Allstate Policy was issued to Frank, who at all pertinent times resided in Yellowstone County, Montana. The insurance contract and obligations at issue in this case are to be interpreted according to Montana law.

### DECLARATORY JUDGMENT REGARDING
### NO DUTY TO DEFEND, INDEMNIFY, OR COVER UNDERLYING LAWSUIT LOSSES

32. Allstate re-asserts the allegations contained in paragraphs 1- 31 of the Complaint as though set forth fully.

33. The Complaint allegations asserted by Delgado against Frank in the Underlying Lawsuit are unequivocally not covered and are excluded from coverage under the Allstate Policy.

34. Given the Allstate Policy's clear and unambiguous provisions which do not afford coverage and exclude coverage for Delgado's claims in the Underlying Lawsuit, Allstate is entitled to a ruling that it has no duty to indemnify Frank for any judgment against him, and no duty to defend or pay for litigation expenses in defense of Frank for the Underlying Lawsuit claims.

**WHEREFORE,** Allstate prays for the following relief:

1. For a declaratory judgment in Allstate's favor and against Defendant Matthew Frank, declaring that Allstate has no duty to defend or indemnify

Defendant Frank for any losses, damages, judgments, settlements or claims stemming from or related to the Underlying Lawsuit;

    2.    For a declaratory judgment in Allstate's favor that Allstate has no duty to pay expenses associated with defense of Louis Delgado's Complaint allegations against Frank in the Underlying Lawsuit;

    3.    For judgment awarding Allstate its reasonable costs and expenses as may be allowed; and

    4.    For such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of July, 2022.

                Smith Oblander Meade & Mitcham, PC

                      <u>*/s/ Stephanie Oblander*</u>
                      Stephanie Oblander
                      P.O. Box 2685
                      Great Falls, Montana 59403-2685
                      Phone: (406) 453-8144
                      Fax: (888) 402-0579
                      Email: steph@bigskylaw.com
                      *Attorneys for Plaintiff Allstate Vehicle And Property Insurance Company*